ACCEPTED
14-15-00417-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/17/2015 1:20:47 PM
CHRISTOPHER PRINE
CLERK

14-15-00417-CV

In The Fourteenth Court of Appeals
At Houston, Texas

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

12/17/2015 1:20:47 PM

CHRISTOPHER A. PRINE
Clerk

Jennifer Mitchell and TCSM, LLC,
Appellants

V.

Turbine Resources Unlimited, Inc.
Appellee

On appeal from the 61st District Court, Harris
County, Texas, Cause 2004-41286

Receiver and Master's Response to
Jennifer Mitchell's Emergency
Motion for Relief

1.   Mitchell omits that:

   a.  She *agreed* to both Master's reports;

   b.  She had *three* live hearings on her *four* motions to remove the Bentley, Ford Expedition and inventory from the receivership, and lost all three (This is one of the orders on appeal.);

   c.  She waived the right to other relief in return for having the ownership issues decided in her motions;

   d.  When she testified, she hid from the court that she had *already* sold the Bentley and received a $5,000 check;

   e.  The judge denied her motions to remove the vehicles from the receivership. Her response was to sell the Expedition and invest the $20,000 into a new F-250—in violation of the order denying her motions to remove the vehicles from the receivership;

   f.  She has failed to comply with every order and every agreement;

   g.  She stole assets from Receiver that were *in custodia legis*;[1]

---

[1] A 2002 Bentley, with only 890 miles, inventory, and pallet stackers. She also spent hundreds of thousands of dollars that had been ordered turned over.

h. She refuses to appear for hearings unless personally served;

i. When her attorney was served with a deposition notice, she filed a motion for protection, a mandamus, and emergency requests for stays in the original appeal and the mandamus action;

j. She filed a bill of review, *directly* attaching Master's reports, but named the judgment plaintiff as the defendant, not Master, and did not serve Master;

k. Even if Mitchell were just a third party witness, she may be deposed;

l. TCSM LLC does not exist;

m. When Mitchell intervened she accepted the case as she found it. She complains of the Master's reports, but has taken no action to set them aside: except to sue the judgment plaintiff, and to file cross-claims against Turbine Resources and Receiver for "wrongfully" obtaining the orders after she lost her motions.

n. While seeking equity, here and in the bill of review, Mitchell has repeatedly failed to comply with court orders, as set out in the undersigned's pending motion to dismiss. That deposition notice prompted the flurry of motions for protection when Mitchell realized that another non-compliance will supplement the grounds for the pending motion to dismiss.

o.

2. Mitchell's solution is provided by the rules: <u>post a supersedeas bond</u>. Her motions give no legal citation for the claim that she is not required to post a bond simply because she claims to be an uninterested party. Even third parties are subject to being deposed.

3. Mitchell seeks to protect the proceeds from the sales of the Bentley ($50,000) and Expedition ($20,000), the new F-250, and the $250,000 in inventory that TCSM claims. (The inventory is in Receiver's possession.) Assuming that Mitchell is telling the truth, since the appealed order was granted, she received $70,000 and has inventory that can be sold.

She claims to have spent the cash, but refuses to account for it. She admits to paying counsel some of it. The inventory can be sold and the proceeds held until the appeals run their courses. Mitchell has made no effort to sell the inventory, although her husband, judgment defendant Tom George, has agreed to the inventory's sale and provided buyers. (They backed out.)

4. These are post judgment matters. Mitchell gives no legal explanation for the claim that the appeals are interlocutory and treated differently.

5. The pleadings were not verified.

6. The only matter pending is a motion to compel Mitchell to appear for deposition, *duces tecum*, and to reimburse Receiver and Master for his

time. If the motion to compel is denied, the motion to stay is moot. If the motion to compel is granted, the motion to stay can be urged. Until then, it is not ripe.

7. Mitchell lists no damage if she is compelled, except that she will be required to answer discovery and reimburse fees—maybe $1,500—plus the previously ordered $500 fee (August 10th order) and $750 fee (October 9th order) that she refuses to pay. The "damage" caused by not granting a stay is that Mitchell will be forced to follow the rules.

## Summary

Receiver has every right to prosecute the judgment enforcement, until Mitchell files a supersedeas bond.

Mitchell has pled no fact or specific damage that is to be prevented.

Mitchell seeks equitable relief, despite violating every order and agreement.

The relief sought is not ripe.

Respectfully submitted,

*Rih Baumann*

Riecke Baumann, Receiver and Master
Attorney at Law
P.O. Box 131647
Houston, Texas 77219
T/P 713 529-1600
Fax 713 588-8896
SBOT 01931700
Riecke@TexasCollect.com

## Certificate of Service

I e-served copies of this response, with exhibits, on all of the persons listed on the motion.

*Rih Baumann*

Riecke Baumann's Affidavit
Supporting his Reponse to Motion for Emergecny Stay

Riecke Baumann, known to me, appeared before me and swore to the following facts.

"I am Riecke Baumann, attorney licensed in Texas and Louisiana since 1974, board certified in consumer bankruptcy by the State Bar of Texas from 1985 to 2015, and Receiver and Master in the original case, cause 2004-41,286. I am competent to make this affidavit and have personal knowledge of these facts and every fact set out in my motion to dismiss the appeal.

"I negotiated the agreement to approve the second Master's report. At Alan Cervenka's request the order approving the report stated that the portions that required Tom George's attachment were not applicable. Mr. Cervenka represented both Tom George and *Jennifer Mitchell*, appellant, at the time.

"The agreement was confirmed by e-mail and by Mr. Cervenka's statement, in open court, at which time Judge Bennett signed the order.

"The language that was added to the order approving the second report was, "Because defendant has disputed whether he should be attached, that issue will be decided in a show cause hearing."

"We then heard my sanctions motion against Mr. George. He and Jennifer Mitchell were in the courtroom and heard the agreement announced.

"I prosecuted the sanctions motion by testifying for over half an hour, during which the Court took judicial notice of the Master's reports and I repeatedly referred to and relied upon the report's findings.

"By contesting the reports, Ms. Mitchell is breaking her agreement.

"I was present at all three hearings on Jennifer Mitchell's three motions to remove from the receivership property that she claimed was hers. I heard her fifth attorney, Joel Pardo, state that he knew that he could file a declaratory action but preferred to hear the Mitchell's ownership issues in the motions because it would be faster and easier.

"Ms. Mitchell is now alleging that her agreement (with the court and parties) to waive other remedies is another breach of her agreement.

"I was present in the courtroom when Mr. Pardo and Mr. Cervenka agreed, twice, that I could sell the forklift, office equipment, 1954 Ford F-150, and inventory that I had seized.

"Ms. Mitchell then retained new counsel to breach the agreement and appeal the orders allowing sale.

"The factual statements in the attached response are correct."



Riecke Baumann, known to me to be the same, personally appeared and swore to the above, before me, the undersigned authority, on December 17, 2015.

_____ Linda Anne Sharpe

LINDA ANNE SHARPE
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
DEC. 6, 2017